UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY SCICCHITANO, | : | Civil Action No. 4:09-CV-00528 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| CENTRAL SUSQUEHANNA INTERMEDIATE UNIT, | : | |
| Respondent. | : | |

**MEMORANDUM**

December 22, 2009

## I. INTRODUCTION

Plaintiff Mary Scicchitano instituted the present action, brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq., by filing a complaint with this Court on March 23, 2009. (Rec. Doc. No. 1). Named as defendant in the action is Central Susquehanna Intermediate Unit, a municipal entity under the laws of Pennsylvania. Id. at 2.

## II. PROCEDURAL HISTORY

In her complaint, plaintiff alleges that the defendant subjected her "to a hostile work environment" while also "denying her a promotion solely based on

her actual and/or perceived disability and/or record of impairment" in violation of the ADA and PHRA. Id. at 6-7. As part of her prayer for relief, plaintiff has requested that, inter alia, defendant be required to pay punitive damages. Id. at 8.

On May 22, 2009, the defendant filed an answer, with affirmative defenses, to the plaintiff's complaint. (Rec. Doc. No. 10). On November 23, 2009, the defendant filed a motion for partial summary judgment (Rec. Doc. No. 14) and a statement of material facts and brief in support thereof (Rec. Doc. No. 15). Pursuant to Middle District Local Rule 7.1, counsel for defendant obtained the concurrence of plaintiff's counsel regarding the motion for partial summary judgment filed by defendant. Therefore, the plaintiff has not filed an opposition brief or her own statement of material facts.

### III. FACTUAL BACKGROUND

The facts as contained in the defendant's statement of material facts are as follows. Defendant Central Susquehanna Intermediate Unit employed plaintiff Scicchitano from November of 2000 until May of 2007 as the Project PEARL Director. Grant funding for the plaintiff's position expired in May of 2007. In June of 2002, while she was employed by the defendant, the plaintiff was involved in a motor vehicle accident. As a result, the plaintiff suffered injuries that are the issue in the instant action.

## IV.  STANDARD OF REVIEW

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law.  See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Material facts" are those which might affect the outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted).  To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show "'that the evidentiary materials of record, if reduced to admissible evidence, would be

3

insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V. DISCUSSION

The defendant argues that the plaintiff's request for punitive damages is barred by law and therefore must be dismissed. The plaintiff has concurred with

4

the defendant's motion for partial summary judgment.

The PHRA does not provide for punitive damages. See <u>Gagliardo v. Connaught Labs.</u>, 311 F.3d 565, 570 n.3 (3d Cir. 2002) (noting that "punitive damages are not available under the PHRA"). In addition, the Court of Appeals for the Third Circuit has concluded "that Title II of the ADA . . . lack[s] any indicia of Congress' intent to override the settled common law immunity of municipalities from punitive damages." <u>Doe v. County of Ctr.</u>, 242 F.3d 437, 457 (3d Cir. 2001). Case law on the subject also supports a conclusion that an intermediate unit like defendant Central Susquehanna Intermediate Unit is a municipal entity. See <u>Susavage v. Bucks County Schs. Intermediate Unit No. 22</u>, 2002 U.S. Dist. LEXIS 1274, *56-57 (E.D. Pa. Jan. 22, 2002) (citing <u>Doe</u>, 242 F.3d 437 at 457).

In light of the above, we conclude that it would be improper for the plaintiff in this case to be entitled to punitive damages based upon her claims under the ADA and the PHRA. Those statutes, and the accompanying case law, simply do not support the recovery of punitive damages against a municipal entity such as the Central Susquehanna Intermediate Unit. As such, we will grant the defendant's motion for partial summary judgment.

## VI. CONCLUSION

For the reasons stated above, we will grant the defendant's motion for partial summary judgment.  (Rec. Doc. No. 14).

       s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

| MARY SCICCHITANO, | : | Civil Action No. 4:09-CV-00528 |
| --- | --- | --- |
| Plaintiff, | : : | (Judge McClure) |
| v. | : : | |
| CENTRAL SUSQUEHANNA INTERMEDIATE UNIT, | : : : | |
| Respondent. | : : | |

**ORDER**

December 22, 2009

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's motion for partial summary judgment (Rec. Doc. No. 14) is GRANTED.

2. Plaintiff's claim for punitive damages is dismissed.

        s / James F. McClure, Jr.
        James F. McClure, Jr.
        United States District Judge